UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 18-CR-142

JOE TURNER,

    Defendant.

---

**ORDER ON DEFENDANT'S DISCOVERY MOTIONS**

---

Motion to Disclose Rule 404(b) Evidence ................................................................................ 2

Motion to Compel/Motion to Disclose Identity of Informant and Related Discovery ......... 3

Motion to Disclose Identity of Unindicted Co-Conspirators ............................................... 6

Motion to Require Preservation of Agents' Notes ............................................................... 8

Motion for Bill of Particulars ................................................................................................. 8

Motion to Exclude Witness Testimony ............................................................................... 11

On December 11, 2018, a grand jury sitting in the Eastern District of Wisconsin returned a superseding indictment against Joe L. Turner and six other defendants, charging them with conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Docket # 85 at 1–2.) The superseding indictment also charged Turner with three other drug and/or firearm offenses. (*Id.* at 8–10.) Turner pleaded not guilty. (Docket # 92.) Turner's case was designated complex due to the amount of discovery, and referred to me for pretrial proceedings. (Docket # 34.)

Turner filed a total of ten pretrial motions, three of which are motions to suppress which I will address separately following an evidentiary hearing. (Docket # 126, 129, 138.) Before me now are Turner's other pretrial motions, including (1) a motion to disclose Fed. R. Evid. 404(b) evidence (Docket # 102), (2) a motion to disclose the identity of unindicted co-conspirators (Docket # 103), (3) a motion to require preservation of agents' notes (Docket # 118), (4) a motion to compel (Docket # 120), (5) a motion for a bill of particulars (Docket # 123), (6) a motion to disclose the identity of an informant and related discovery (Docket # 132), (7) and a motion to exclude witness testimony (Docket # 135). I will address each in turn.

1. *Motion to Disclose Rule 404(b) Evidence*

Turner moves for an order requiring the government to disclose any evidence which it intends to introduce at trial which arguably, or in fact, constitutes other crimes, wrongs, or acts evidence pursuant to Fed. R. Evid. 404(b), or which it intends to introduce at the sentencing phase of this matter. (Docket # 102.) The government avers that it has no knowledge of such evidence and no plan to introduce such evidence at trial, and that it would inform Turner should circumstances change. (Docket # 144 at 37–38.)

I find it prudent to set a deadline for any such disclosure. *See United States v. Arms*, No. 14-CR-78, 2015 WL 3513991, at *18–19 (E.D. Wis. June 3, 2015), *report and recommendation adopted by* 2015 WL 5022640 (E.D. Wis. Aug. 24, 2015). I will therefore grant Turner's motion in part and order that no later than sixty (60) days before trial the government shall disclose to Turner any evidence it may seek to admit against him pursuant to Rule 404(b), absent good cause for the lack of timely disclosure.

*2. Motion to Compel/Motion to Disclose Identity of Informant and Related Discovery*

Turner seeks an order compelling the government to disclose *Brady/Giglio/Agurs/Bagley* materials. (Docket # 120.) He also moves for disclosure of the identity of confidential informants and related discovery. (Docket # 132.) There is significant overlap between the motions. I will construe them both as one motion for disclosure of the identity of the confidential informants and all *Brady/Giglio/Augurs/Bagley* materials.

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59–60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses,

3

the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

I previously ordered the disclosure of the identities of four confidential sources (CS-4, CS-5, CS-6, and CS-9) forty-five days before trial in response to motions by two of Turner's co-defendants, Orlando Copeland and Brandon Ellis. (Docket # 100, 113.) Turner asserts that the forty-five days ordered in the previous case is not sufficient for him to prepare a defense and asks that I reconsider. (Docket # 121 at 4.) Turner also identifies many other confidential sources that have made statements directly inculpatory to Turner (CS-1, CS-3, CS-7, CS-8, CS-13, and CS-14), whose identities are not required to be disclosed under that order, and asserts that there may be others. (Docket # 133 at 2–7.) In total, Turner points to eight confidential informants who have provided direct inculpatory information against him, as well as at least another eight confidential informants whom he expects to provide evidence of the conspiracy. (Docket # 121 at 2.) Turner seeks an order compelling the government to disclose the identity of all the unnamed informant(s) and related discovery. (Docket # 132.) Turner argues that he is entitled to know their identities to determine in advance of trial the accuracy and truthfulness of their accusations and to investigate and determine their credibility. (Docket # 133 at 7–8.)

The government argues that Turner's reasons for requesting more time are identical to those in the other defendants' motions, and he has therefore not presented any reason to justify a departure from that order. (Docket # 144 at 28–29.) The government also asserts that Turner has identified no interest in premature disclosure that would outweigh the danger posed to the confidential sources and their families. (*Id.*) The government states that there is a particularly strong public interest in protecting the confidentiality of informants in drug trafficking cases such as this one. (*Id.* at 30.) The government points out that many of the defendants have a history of possessing firearms during their drug trafficking, and loaded firearms were seized at five of the defendants' residences in this case, including Turner's. (*Id.* at 30–31.) In particular, the government asserts that "the defendants have been preoccupied with ascertaining the confidential informants' identities, and defendant Turner has made statements indicative of a desire to harm sources." (*Id.* at 31.) The government recounts the report of a cooperating witness that while he was in custody with four of the defendants, he heard Turner state that they would have trouble killing the informants without getting caught. (*Id.*) The government also relates other instances from this district of informants being threatened or harmed, and documentation that retaliation against witnesses is an ongoing problem in Milwaukee that has spiked in recent years. (*Id.* at 31–33.) Finally, the government avers that some of the sources are in custody and risk retaliation from other inmates if their identities are revealed. (*Id.* at 33.) The government asserts that compliance with the existing order to disclose informant identities forty-five days before trial will adequately balance the need to protect informants with the need for defendants to prepare for trial. (*Id.* at 33.)

I find the need to protect confidential informants particularly strong in the case against Turner, who faces charges involving drugs and firearms and who is reported to have spoken

of killing informants. Still, the government concedes that disclosure is appropriate; it only disputes the timeframe of the disclosure, arguing that Turner does not require more than the forty-five days prior to trial I already ordered as to four of the confidential informants.

Considering the need to balance the competing interests in this case, including the high number of confidential sources with potential inculpatory information against Turner, I will require the government to disclose the identities of all confidential sources to counsel for Turner no later than sixty (60) days before trial. I also find sixty (60) days sufficient for disclosure of the *Brady/Giglio/Augurs/Bagley* material.

    3. *Motion to Disclose Identity of Unindicted Co-Conspirators*

Turner seeks to compel the government to disclose the identities of unindicted co-conspirators. (Docket # 103.) Turner asserts that this information is necessary to determine which of the informants' statements fall within the Fed. R. Evid. 801 exception to the hearsay rule and also to "determine the parameters of the charged conspiracy."[1] (*Id.* at 1–2.)

Because Fed. R. Evid. 801(d)(2)(E) exempts certain statements made by co-conspirators from the hearsay rule, "whether the government will allege that a person is a coconspirator may significantly affect the evidence the defendant will have to confront at trial." *United States v. Sykes*, No. 17-CR-96, 2018 WL 3245205, at *3 (E.D. Wis. Feb. 2, 2018). It is common practice in this district for judges to order the government to identify before trial all alleged co-conspirators. *See id.*; *United States v. Laux*, No. 14-CR-229, 2015 WL 1885953,

---

[1] Turner appears to argue for a bill of particulars disclosing the identities of the co-conspirators, apparently following the language of *United States v. Knowles*, 2 F. Supp. 2d 1135 (E.D. Wis. 1998). In *Knowles*, the court stated in dicta that "[i]n some cases, a bill of particulars can establish clarity to an otherwise barebones indictment. For example, the defendant can obtain the names of the 'unindicted co-conspirators' referred to in an indictment as this information is necessary to clarify the parameters of the charged conspiracy." Turner's separate motion for a bill of particulars makes no mention of identifying unindicted co-conspirators, and he does not caption this motion as a bill of particulars. It matters little for my purposes here, as there is a clear practice in this district of granting motions to identify unindicted co-conspirators prior to trial.

6

at *7 (E.D. Wis. Apr. 24, 2015), *report and recommendation adopted by* No. 14-CR-229, 2015 WL 4477007 (E.D. Wis. July 22, 2015) (ordering the government to promptly disclose to defendant any co-conspirator it identifies any time between the date of the order and the time of trial); *United States v. Buske*, No. 09-CR-0065, 2010 WL 3023366, at *8 (E.D. Wis. Apr. 30, 2010); *United States v. Barnes*, No. 09-CR-248, 2010 WL 1418874, at *13 (E.D. Wis. Apr. 7, 2010); *United States v. Urbina*, No. 06-CR-336, 2007 WL 2220205, at *3 (E.D. Wis. July 31, 2007).

The government responds that Turner has all of the cooperating co-conspirators' statements implicating Turner that the government currently has in its possession, and that if the government obtains additional co-conspirator statements implicating Turner, the government will provide those to the defense. (Docket # 144 at 35–36.) But it is not enough that the government has already disclosed all the statements of cooperating co-conspirators; Turner needs to know which of the many disclosed statements they are. The government also argues that Turner's request circumvents the existing order for disclosure of the identities of confidential informants forty-five days prior to trial. (*Id.* at 36.) I fail to follow the reasoning. Even if the existing order required disclosure of the identities of all the confidential informants, that would not help Turner discern which statements might be excluded from the hearsay rule; he must know which ones are allegedly co-conspirators. "Not every witness, in fact not even every cooperator or confidential informant, is likely to be an alleged coconspirator." *Id.* I thus find the government's objections unavailing and will follow this district's practice of disclosing unindicted co-conspirators before trial.

In granting such motions, courts in this district have recognized that disclosing the identities of unindicted co-conspirators runs up against the government's informer privilege.

7

*Sykes*, 2018 WL 3245205 at *4; *Barnes*, 2010 WL 1418874 at *13; see also *Arms*, 2015 WL 3513991 at *8. Turner has not shown that the need for the actual identity of any co-conspirator should overcome the informer privilege at this stage. Accordingly, I will order the government to provide Turner with the CI number of any unindicted co-conspirator whose identity is protected by the informer privilege, and the name of any unindicted co-conspirator known to the government whose identity is not privileged, within thirty (30) days of this order.

   4. *Motion to Require Preservation of Agents' Notes*

Turner moves for an order requiring all law enforcement agents who have taken statements from any informant or other prospective witness to preserve their rough notes or other recordings of such interviews. (Docket # 118.) The government responds that it has already instructed its agents to preserve notes from interviews of informants and other prospective witnesses, rendering the motion moot. (*Id.*) Turner's consolidated reply does not address this issue. (Docket # 147.) Accordingly, this motion will be denied as moot. *See Arms*, 2015 WL 3513991 at *21.

   5. *Motion for Bill of Particulars*

Count One of the superseding indictment charges Turner with conspiracy to distribute heroin, cocaine, and marijuana. Turner moves for a bill of particulars as to this count.[2] (Docket # 124.) Specifically, Turner asks that the government be required to particularize (1) when the purported conspiracy began, (2) when the purported conspiracy ended, (3) when Turner purportedly entered the conspiracy, (4) when Turner purportedly terminated his involvement in the conspiracy, and (5) what acts and when did Turner purportedly commit in furtherance of the conspiracy. (Docket # 124 at 10.)

---

[2] I note that Turner's motion also asks for an order dismissing Count One (Docket # 123), but Turner does not renew or discuss this request in his accompanying memorandum (Docket # 124), so I deem it abandoned.

8

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars to fill in facts in the indictment so that the defendant can prepare an adequate defense. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). A bill of particulars is "a more specific expression of the activities the defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). A bill of particulars is required only where the charges in the indictment are so general that they do not advise the defendant of the specific act of which he is accused. *See id*.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *Kendall*, 665 F.2d at 134); *Canino*, 949 F.2d at 949. An indictment that includes each of the elements of the offense charged, the time and place of the accused's conduct that allegedly constituted a violation, and a citation to the statute or statutes violated is sufficient. *Kendall*, 665 F.2d at 134. A bill of particulars is not required when a defendant can obtain the information necessary for his defense through "some other satisfactory form." *Fassnacht*, 332 F.3d at 447, n.2 (quoting *Canino*, 949 F.2d at 949). The Seventh Circuit has held that the government's "open file" policy is an adequate "satisfactory form," making a bill of particulars unnecessary. *Canino*, 949 F.2d at 949.

The superseding indictment answers Turner's first two questions: the conspiracy had begun by January 2011 and ended around June 12, 2018. As to Turner's last question, Seventh Circuit law is clear that an indictment for conspiracy to distribute drugs need only allege "the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the

9

statute violated. No specific overt acts need be alleged." *Canino*, 949 F.2d at 949 (citing *United States v. Dempsey*, 806 F.2d 766 (7th Cir. 1986)). The indictment here did precisely that.

Turner is correct that the superseding indictment does not provide specific dates for Turner's personal involvement in the conspiracy as opposed to the other six defendants. The superseding indictment gives a timeframe for the conspiracy covering approximately seven and a half years, from about January 2011 to June 2018. Turner is certainly entitled to know the time frame of his alleged crime, but in this case, the indictment gives it. Turner is only entitled to a bill of particulars if the government alleges that he either joined the conspiracy after its inception or withdrew at some point before its end. *See Arms*, 2015 WL 3513991 at *12, *report and recommendation adopted by* 2015 WL 5022640 at *7 ("[T]he government states that, in its view, [the defendant] never withdrew from the conspiracy. This request is therefore moot."); *Barnes*, 2010 WL 1418874 at *12 ("[I]f the government alleges that [the defendant] withdrew from the conspiracy prior to the end date referenced in the indictment, the government shall . . . provide to [the defendant] the date (month and year) he allegedly withdrew from the conspiracy."). The government states that the discovery in this case includes information detailing Turner's alleged drug-dealing operation with Copeland covering the entire timeframe in the indictment, from the early days of the alleged conspiracy in 2011 (Docket # 144 at 26) to May/June 2018 (*Id.* at 27–28). It would have been helpful if the government had simply indicated in its response that it alleged that Turner was part of the conspiracy from its inception and never withdrew. Nevertheless, given that the information Turner seeks is in the discovery, a bill of particulars is not warranted.

Turner argues that the discovery materials in this case are not an "other satisfactory form" as contemplated in *Canino* because they are not sufficiently specific. (Docket # 124 at

10

9.) Turner points out that the identities of the sources of information have not been revealed; in most cases there is no indication how the source came upon the claimed knowledge; and discovery reveals no controlled buys involving Turner and there are no Title III monitored conversations with Turner. (*Id.* at 9.) Turner further argues that these materials are inadequate to allow him to assess the strength of the government's case and prepare a proper defense. (*Id.*) But Turner does not explain how granting a bill of particulars would cure these problems. (*Id.*) Turner's request for a bill of particulars appears to challenge not the adequacy of the indictment, but the strength of the government's case against him. That is a matter for a jury. I will accordingly deny Turner's motion for a bill of particulars.

   *6. Motion to Exclude Witness Testimony*

Turner moves to exclude testimony at trial of various government witnesses who have been designated as confidential informants and/or sources of information. (Docket # 135.) Turner asserts that the government has not revealed how these potential witnesses gained their information or whether they have personal knowledge thereof, and that therefore their testimony would be based on speculation and conjecture. (*Id.* at 2.) Turner argues that because Federal Rule of Evidence 602 provides that a witness may not testify unless they have personal knowledge of the matter, the court must exclude these witnesses. (*Id.* at 3–4.) Turner asserts that allowing these witnesses to testify without him knowing beforehand how they gained their information would constitute "trial by ambush." (*Id.* at 5 (citing *United States v. Cruz-Velasco*, 224 F.3d 654, 668 (Williams, J., dissenting); *United States v. Camargo-Vergara*, 57 F.3d 993 (1995).) Turner also suggests that the government is required to disclose this information under *Brady v. Maryland*, 373 U.S. 83 (1964).

The government argues that Turner's motion is premature. (Docket # 144 at 38–39.) The government asserts that the proper procedure is for a defendant to object to testimony at trial if a proper foundation is not laid. (*Id.* at 38 (citing Fed. R. Evid. 103(a)).) The government also states that after a date for trial is set, it will begin to interview witnesses again and provide reports to Turner. (*Id.* at 39.) Turner's reply indicates that the motion serves two purposes: to allow him to prepare for trial, and to conserve judicial resources by eliminating witnesses whose testimony would not be admissible.

Turner is indisputably correct that a proper foundation must be laid for witness testimony under Fed. R. Evid. 602. But he has provided no authority for the proposition that a trial court must exclude testimony if the foundation is not laid in discovery reports or otherwise disclosed prior to trial. On the contrary, trial is the appropriate place for such objections. *See Arms*, 2015 WL 3513991 at *19 ("If [the defendant] believes that a witness's trial testimony is not supported by an inadequate foundation, the proper approach is to object at trial."), *report and recommendation adopted by* 2015 WL 5022640 at *8 ("[The defendant] provides no authority for excluding testimony for lack of foundation prior to trial based on discovery reports . . . . [or] for requiring the government to disclose its witnesses' basis of knowledge prior to trial."); *accord Underwood v. NCL (Bahamas) Ltd.*, No. 17-24492-CV-WILLIAMS/TORRES, 2019 WL 1559026, at *2 (S.D. Fla. Apr. 10, 2019) (foundation argument under Fed. R. Evid. 602 is better suited for trial than a motion to exclude evidence) (citing *Barnett v. Deere & Co.*, 2016 WL 6803152, at *3 (S.D. Miss. Nov. 16, 2016); *Serna v. Olde Jackson Village, Inc.*, 2015 WL 49465415, at *3 (D. N.H. Aug. 19, 2015)). Accordingly, I will deny without prejudice as premature Turner's motion to exclude witnesses.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that Turner's Motion to Disclose Fed. R. Evid. 404(b) Evidence (Docket # 102) is **GRANTED IN PART AND DENIED IN PART**. The government shall disclose Rule 404(b) evidence by no later than sixty (60) days before trial.

**IT IS FURTHER ORDERED** that Turner's Motion to Disclose the Identity of Unindicted Co-Conspirators (Docket # 103) is **GRANTED IN PART AND DENIED IN PART**. The government shall provide Turner with the CI number of any unindicted co-conspirator whose identity is protected by the informer privilege, and the name of any unindicted co-conspirator known to the government whose identity is not privileged, within thirty (30) days of this order.

**IT IS FURTHER ORDERED** that Turner's Motion to Require Preservation of Agents' Notes (Docket # 118) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Turner's Motion to Compel Discovery (Docket # 120) is **GRANTED IN PART AND DENIED IN PART**. The government shall disclose all *Brady/Giglio/Agurs/Bagley* materials by no later than sixty (60) days before trial.

**IT IS FURTHER ORDERED** that Turner's Motion for a Bill of Particulars (Docket # 123) is **DENIED**.

**IT IS FURTHER ORDERED** that Turner's Motion to Disclose the Identity of an Informant and Related Discovery (Docket # 132) is **GRANTED IN PART AND DENIED IN PART**. The government shall disclose the identity of all confidential sources by no later than sixty (60) days before trial.

**IT IS ORDERED** that Turner's Motion to Exclude Witness Testimony (Docket # 135) be **DENIED WITHOUT PREJUDICE**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 2nd day of July, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge